AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
All contents of Chase Bank account # 982651488 ) Case No. 6:24cr846
)
)

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of ___South Carolina___ is subject to forfeiture to the United States of America under ___18___ U.S.C. § ___981, 982___ *(describe the property)*:

Chase Bank account 982651488 or funds held in suspense due to account closure, held by signer Asia Stewart.

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Applicant's signature*

USSS Special Agent Joseph Lea
*Printed name and title*

Sworn to before me and signed in my presence. by telephone

*Judge's signature*

Date: 09/24/2024

City and state: Greenville, SC 29601

US Magistrate Kevin F. McDonald
*Printed name and title*

**AFFIDAVIT**

I, JOSEPH J. LEA, being duly sworn, declare and state as follows:

### I. INTRODUCTION

1. I am a Special Agent ("SA") with United States Secret Service ("USSS") and have been so employed since August 2009. I am currently assigned to the Greenville Residence Office and primarily investigate financial crimes to include wire fraud, identity theft, credit card fraud, bank fraud and money laundering. Prior to becoming an SA with USSS, I was employed as police officer and detective since 2004, where I conducted numerous investigations of fraud schemes. I have received both formal and informal training from USSS and other institutions regarding cyber and financial related investigations, embezzlement, and fraud.

### II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an application for a warrant to seize the following (the "Subject Funds"):
Any and all United States Currency in the suspect's JP Morgan Chase Accounts # 982651488 (the "Subject Account"), and under the account holder ASIA STEWART (STEWART).

3. As described more fully below, there is probable cause to believe that the Subject Funds represent the proceeds of one of more violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1956 (Money Laundering), or a conspiracy to commit the same, (the "Subject Offenses"), committed by unknown persons and transferred into STEWART's account and are therefore subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

4. In addition, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853(f) because the property would, in the event of conviction on the alleged underlying offenses, be subject to forfeiture, and an order under section 21 U.S.C. § 853(e) would not be sufficient to assure the availability of the property for forfeiture.

5. The facts set forth in this affidavit are based upon my personal observations, my training and experience, bank investigators, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not purport to set forth all of my knowledge of, or investigation into, this matter.

6. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and all dates and amounts are approximations.

### III. SUMMARY OF PROBABLE CAUSE

7. USSS and local law enforcement agencies are investigating an unknown international criminal organization, who through means of a cyber scheme received proceeds from an elderly abuse fraud scheme with the intent of obscuring the nature, origin, and ownership of the funds. Of the funds sent by the victim, they were identified by bank fraud investigators as likely fraudulently obtained funds and a hold placed on the account.

8. As set forth below, the Subject Account was used to receive the deposited funds that were obtained through fraud. Therefore,

2

there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture by the United States.

### IV.  STATEMENT OF PROBABLE CAUSE

9. Based on witness interviews, documents obtained from third parties, reports of interviews conducted by other law enforcement officers, conversations with other law enforcement officers, and publicly filed documents, I know the following:

**A.  Background on Elderly Abuse Fraud Scheme**

Often in elderly abuse schemes, the victim is contacted through various means and in this case an unknown individual began communicating with the victim after the initiation of a text conversation. They were convinced that their bank account was compromised by a bank employee and they would need to remove their funds to keep them safe. This is a common scheme being tracked by numerous federal agencies and originates from South and Southeast Asia. The victim would be instructed to wire funds to a "secure account" with another financial institution to secure the funds.

**B.  Theft and Elder Abuse Scheme from W.K.**

10. Based on conversations, emails and documents received during this investigation, I learned the following:

  a. On or about September 3, 2024, R.D. a resident of Seneca, South Carolina received a text message on his phone indicating that his bank account may be compromised. R.D. began communicating with this unknown individual who was purporting to be the security officer with his bank. The texts were followed up with telephone calls. At this time, the illicit actors than began to convince R.D. that he would need to wire the funds from his account to a secure account to prevent further compromise. R.D. traveled to

3

his local branch of Chase Bank and requested a wire to the account provided by the scammers. When bank employees questioned why he wanted to send the wire, R.D. made up a story as he was instructed, but the bank representative felt the activity was suspicious and they denied the wire. The scammers then convinced R.D. to withdrawal cash from his account and deposit directly into an ATM to credit the Subject Account.

    b.    Upon receiving the deposit, an unknown actor made several cash withdrawals in Florida. The remainder of the funds were frozen by the bank representative due to suspected fraud.

    c.    In speaking with JP Morgan Chase Bank, it was determined that Subject Account #982651488 was still on hold to date.

### C. Subject Accounts / Subject Funds

11. I reviewed the records for JP Morgan Chase Bank account #982651488, belonging to STEWART. The activity in the account appears to be normal aside from the suspect deposits and cash withdrawals. No other source of funding appear to occur in the account during this time period.

### V. CONCLUSION

12. Based on the facts set forth above, there is probable cause to believe that the Subject Funds are subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (rendering subject to forfeiture any property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343), and § 982 (criminal forfeiture).

13. Based on my training and experience, I know that restraining orders served on banks sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder. In contrast, where electronic funds are concerned, a seizure warrant guarantees that the funds will be in the Government=s custody once the warrant is served.

14. This affidavit has been reviewed by Assistant U.S. Attorney Carrie Fisher Sherard.

*Joseph J. Lea*
Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
Appeared a sworn by telephone
Joseph J. Lea
Special Agent

Subscribed to and sworn this 24th day of September, 2024.

_____
THE HONORABLE KEVIN F. MCDONALD
UNITED STATES MAGISTRATE JUDGE

5